WILLIS A. CLEM, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 22 and December 6, 1897.

1. **Railroads**: KILLING STOCK: NEGLIGENCE: WILLFULNESS: STATEMENT. Notwithstanding the negligence of the owner of cattle in putting them into an unsafe place on a railroad track, the company can not be allowed to willfully and wantonly destroy them; and the statement in this case charges facts sufficient to cover such conduct.

2. ———: ———: DAMAGES. Where under proper instructions the jury finds a section foreman took charge and disposed of cattle killed by its trains, the company is liable for the full value.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The demurrer to the evidence should have been sustained. *Warren v. R'y*, 59 Mo. App. 367. (2) The contributory negligence of the plaintiff was such, in this case, as to destroy his recovery. *Milburn v. R'y*, 86 Mo. 104. (3) Even if defendant was negligent, as charged, the plaintiff's own negligence is so great as to preclude his recovery. *Corcoran v. R'y*, 105 Mo. 399. (4) The plaintiff had no right to abandon the cattle after they were injured. *Harrison v. R'y*, 88 Mo. 625.

*Jno. M. Swallow* for respondent.

(1) The demurrer to the evidence should not have been sustained. *Warren v. R'y*, 59 Mo. App. 367; *Pryor v. R'y*, 69 Mo. 215. (2) "Contributory negligence, debarring the plaintiff's right of recovery, exists only where the negligence of plaintiff contributed proximately to the injury sued for; it does not exist where the injury sued for and that resulting from the fault of the plaintiff are disconnected." *Pinnell v. R'y*, 49 Mo. App. 170; *Hicks v. R'y*, 46 Mo. App. 304; *Walsh v. Transfer Co.*, 52 Mo. 434; *Bequette v. Transfer Co.*, 2 Ore. 200; *Weber v. R'y*, 100 Mo. 194; *Taylor v. R. R.*, 26 Mo. App. 336; *Hurt v. R. R.*, 94 Mo. 255; *Kelley v. R. R.*, 101 Mo. 67; *Brooks v. R. R.*, 95 Mo. 232.

ELLISON, J.—This action is to recover damages from defendant on account of running one of its trains against and over seven head of plaintiff's cattle, whereby they were injured. The judgment below was for plaintiff for the sum of $210, the full amount of his claim.

The injury happened at a private crossing. Plaintiff was endeavoring to get his cattle (one hundred and sixty-seven head) out of a pasture by taking them over the crossing into a public road. He had gotten the entire lot up to the gate and a few turned onto the crossing. Then discovering that one of the steers had separated from the others and was running further back into the pasture, he closed the gate to keep the remaining cattle from going onto the crossing until those helping him could drive the steer back to the others. While this was being done he was warned by someone passing that an "engine and pay car" was expected from the north. He then endeavored to get back into the pasture the cattle first let through the gate, with others which had gotten onto

STATEMENT.

the right of way, the gate having been opened again in the meantine. Before this could be done a freight train was heard approaching from the south, and plaintiff continued his efforts to get the cattle out of the way of the train. Defendant's servants in charge of the engine saw the cattle three quarters of a mile away and began to sound the alarm whistle. The whistling was continued until the train came to a full stop within a few feet of the cattle; then it was started up and run or pushed against or over several of them, injuring them as above stated.

The foregoing is what the evidence for plaintiff strongly tends to prove. There was testimony against plaintiff's, but we must accept the verdict of the jury as establishing plaintiff's case.

Defendant contends that plaintiff was guilty of contributory negligence in getting his cattle in the position they were. That question was submitted to the jury by proper instructions and found against defendant. Besides, if it be conceded that plaintiff was guilty of contributory negligence, the great preponderance of the evidence shows that after defendant's servants discovered the situation in which the cattle were placed, they could have stopped *and did stop* the train before striking them, and then willfully and wantonly started the train over them. In such case the law is that notwithstanding the negligence of the owner of cattle in putting them into an unsafe place on defendant's right of way, yet defendant can not be allowed to willfully and wantonly destroy them.

RAILROADS: killing stock: negligence: willfulness: statement.

But defendant contends that plaintiff's statement (the action having been begun before a justice of the peace) merely alleges negligence against defendant. We think the statement, while not expressly using the

words willfully and wantonly, does state facts which sufficiently show such conduct to be charged.

It was shown that the cattle were in condition to make ordinary good beef, and that their injury was not such as to prevent them being sold and used for beef. Defendant makes the point that it was plaintiff's duty to so utilize them by sale at the best price, so as to avoid some of the loss which followed the accident. The evidence, however, tended to show that defendant's section foreman took charge of the cattle and had them killed and disposed of, or at least authorized others to kill them and take them away. On the other hand, there was evidence which may be construed to indicate that plaintiff voluntarily abandoned them without regard to any action of the section foreman. The question thus made was submitted by proper instructions, the finding of the jury being that defendant's section foreman took charge of the cattle and disposed of them. The defendant is therefore liable for the value of the animals without reduction.

There were some other objections to the trial, but we do not deem them substantial. We can not discover where any error was committed materially affecting the rights of the parties. We are satisfied there was evidence amply sufficient to support the verdict and judgment. Affirmed. All concur.